## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| HOME INVESTMENT FUND V, LP,<br><br>                        Plaintiff,<br><br>           -v-<br><br>RICHARD DUNNE,<br><br>                        Defendant | CASE NO. |

**COMPLAINT FOR FORECLOSURE AND SALE**
Mortgage Recorded in Androscoggin County Registry of Deeds in Book 7207, Page 148 and Re-Recorded in Book 7462, Page 317
Street Address: 76 Elm Street, Lewiston, Maine

NOW COMES the Plaintiff Home Investment Fund V, LP (the "Plaintiff"), by and through its counsel, and complains against the defendant Richard Dunne (the "Defendant") as follows:

PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff is a limited partnership organized and existing under the laws of the State of Delaware and with its principal place of business located at 23041 Avenida De La Carlota, Suite 203, Laguna Hills, California.

2. The Defendant, Richard Dunne (the "Defendant") is the record owner, subject to the Plaintiff's mortgage, of the property (the "Property") identified above, which property is located at and about 76 Elm Street in Lewiston, County of Androscoggin in the State of Maine.

3. The Defendant is a resident of Lewiston, Maine, and resides at the Property.

4. No general or limited partner of the Plaintiff is a citizen of the State of Maine.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and no/100 dollars ($75,000.00), exclusive of interest and costs. Furthermore, pursuant to 28 U.S.C. § 2201, this Court, upon the filing of the appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

6. Pursuant to 28 U.S.C. § 1391(b), venue is properly laid in the District of Maine because the Defendant is a resident of the State of Maine and resides in the Judicial District of Maine, and because as substantial part of the events or omissions giving rise to the claims at issue here occurred within the Judicial District of Maine.

## FACTS

7. This is an action for foreclosure and sale respecting the Property and for reformation of a mortgage.

8. The Defendant is the owner of the Property by virtue of a deed (the "Deed") from KLOA, LLC dated July 20, 2007, which Deed was recorded in the Androscoggin County Registry of Deeds at Book 7207, Page 146 on July 23, 2007. A true copy of the Deed is attached as Exhibit A to this Complaint

9. On or about July 20, 2007, the Defendant executed and delivered to EquiFirst Corporation ("EquiFirst") a certain Adjustable Rate Note with riders in the original

principal amount of $85,000.00. A true copy of the Adjustable Rate Note with those riders is attached as Exhibit B to this Complaint.

10. On or about March 19, 2009, the Adjustable Rate Note with Adjustable Interest Rate Floor Addendum to Note terms were modified to provide that the first adjustment of the interest rate provided for under that Note would occur on July 20, 2012, rather than August 1, 2009 as originally provided in that Adjustable Rate Note with Adjustable Interest Rate Floor Addendum to Note. A true copy of this modification is attached as Exhibit C to this Complaint (as so modified, the Adjustable Rate Note with Adjustable Interest Rate Floor Addendum to Note may be referred to in this Complaint as the "Note").

11. To secure, among other things, the obligations of the Defendant under the terms of the Note, and all renewals, extensions, modifications, or replacements of the Note on or about July 20, 2007, the Defendant executed and delivered to EquiFirst a mortgage with a 1-4 Family Rider and an Adjustable Interest Rate Floor Rider to Security Instrument (collectively, the "Mortgage"), which Mortgage was recorded in the Androscoggin County Registry of Deeds (the "Registry") at Book 7207, Page 148, and was then rerecorded in the Registry at Book 7462, Page 317 to include a rider as part of the Mortgage as recorded. A true copy of the Mortgage as so rerecorded is attached as Exhibit D to this Complaint.

12. The Property is more particularly described in Exhibit B to the Mortgage (the "Mortgage Description"), which Mortgage Description is hereby incorporated into and made a part of this Complaint.

13. The Mortgage named Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee of record, acting solely as a nominee for EquiFirst and its successors and assigns.

14. The Note has been endorsed in blank, without recourse, by EquiFirst.

15. The Note has been assigned to the Plaintiff for value and the Plaintiff is the holder of, and has possession of, the Note.

16. The Plaintiff is, and certifies that it is, the owner of the Note.

17. The Mortgage was assigned to SABR Mortgage Loan 2008-1 LLC ("SABR") by MERS as evidenced by the Assignment of Mortgage dated July 28, 2014, and recorded in the Registry at Book 8966, Page 201 on August 1, 2014. A true copy of that Assignment of Mortgage is attached as Exhibit E to this Complaint.

18. The Mortgage was assigned to SABR by EquiFirst as evidenced by the Quitclaim Assignment dated June 3, 2016 recorded in the Registry at Book 9478, Page 53 on October 20, 2016. A true copy of that Quitclaim Assignment is attached as Exhibit F to this Complaint.

19. The Mortgage was assigned to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A by SABR as evidenced by the Assignment of Mortgage dated November 10, 2017 recorded in the Registry at Book 9965, Page 106 on November 1, 2018. A true copy of this Assignment of Mortgage is attached as Exhibit G to this Complaint.

20. The Mortgage was assigned to Wilmington Savings Fund Society, FSB, as Trustee for GSLPF Trust Series A 2017 by Wilmington Savings Fund Society, FSB, as

Trustee of Stanwich Mortgage Loan Trust A as evidenced by the Assignment of Mortgage dated April 6, 2018 recorded in the Registry at Book 9965, Page 107 on November 1, 2018. A true copy of this Assignment of Mortgage is attached as Exhibit H to this Complaint.

21. The Mortgage was assigned to the Plaintiff by Wilmington Savings Fund Society, FSB, as Trustee for GSLPF Trust Series A 2017, as evidenced by the Assignment of Mortgage dated October 29, 2018 recorded in the Registry at Book 9965, Page 109 on November 1, 2018. A true copy of this Assignment of Mortgage is attached as Exhibit I to this Complaint.

22. The Plaintiff is the owner of the Mortgage.

23. The Plaintiff is the party entitled to collect the debt evidenced by the Note and is the party entitled to enforce the Mortgage, and has the right to foreclose the Mortgage, under the circumstances set forth in this Complaint.

COUNT I
(Reformation of Mortgage)

24. The Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-23 of this Complaint as if fully set forth herein.

25. The description of the Property set forth in the Deed (the "Deed Description") differs from the description of the Property set forth in the Mortgage Description in that the last line of the second paragraph of the Mortgage Description contains the phrase "Spear let", whereas the equivalent language in the in the Deed Description refers to the "Spear lot."

26. The Mortgage Description also contains several other obvious scrivener's errors, such as the following:

   a. The phrase "from a point" has mistakenly been set forth as "form a point" in the first line of the fourth paragraph of the Mortgage Description.

   b. The phrase "our feet (4')" set forth in the second line of the fourth paragraph of the Mortgage Description should be "four feet (4').

   c. The phrase "now easterly" set forth in the last line of the fourth paragraph of the Mortgage Description should be "northeasterly".

   d. The phrase "then new line" set forth in the last line of the fourth paragraph of the Mortgage Description should be "the new line".

27. By mutual mistake or inadvertence, the Mortgage Description does not fully and accurately express the intent of the parties with respect to the description of the Property in that the Mortgage Description should use the phrase "Spear lot" instead of "Spear let" as referenced in ¶ 24 of this Complaint, and the errors described in ¶ 25 of this Complaint should be corrected.

28. The Plaintiff is entitled in equity to reformation of the Mortgage Description so that it fully and accurately expresses the intent of the parties by changing the phrase "Spear let" as referenced in ¶ 24 of this Complaint to "Spear lot" referenced in ¶ 25 of this Complaint.

WHEREFORE, the Plaintiff prays that this Court:

A. Enter judgment reforming the Mortgage Description by correcting the errors therein as set forth in ¶ 26;

B.   Grant the Plaintiff such other and further relief as this Court deems just and proper.

## COUNT II
(Foreclosure of Mortgage Pursuant to 14 M.R.S.A. §§ 6321-6326)

29.   The Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-28 of this Complaint as if fully set forth herein.

30.   Defaults exist under the terms of the Note in that, among other things, the Plaintiff has not received the monthly payment due under the terms of that Note on November 1, 2014, and not having received all further payments coming due under the terms of that Note on any later date.

31.   As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage.

32.   As provided in the Note and the Mortgage and/or 14 M.R.S.A. § 6111, on or about July 26, 2016, the Plaintiff caused a Notice of Default to be sent to the Defendant by certified mail, return receipt requested, and/or by regular mail, postage prepaid.

33.   As of January 4, 2020, the amount owing on the debt evidenced by the Note, exclusive of attorney's fees and costs not then billed to the Plaintiff, and secured by the Mortgage consisted of $79,501.45 in principal, $39,922.33 in accrued interest, late charges of $150.00, escrow advances of $10,465.62, legal fees of $10,790.99, and additional escrow owing in the amount of $1,034.73, minus an unapplied balance of $142.80, for a total of $141,722.32 owing on that date.

34. Additional interest is accruing on said principal balance at the Note rate of 6.663 percentage points above the Wall Street Journal Prime Rate adjusted every six months on and after August 1, 2009, with the rate never decreasing to below 9.550% per year. The current rate of interest is 9.550% per year, and interest is now accruing on that principal balance at the rate of $20.74 per day after January 4, 2020.

35. Under the terms of the Note and the Mortgage, repayment of all costs and expenses, including reasonable attorney's fees, incurred by the Plaintiff in enforcing the Note and in bringing the current action are payable by the Defendant and are secured by the Mortgage.

36. Under the terms of 14 M.R.S.A. § 6101, if the Plaintiff prevails in foreclosing upon the Mortgage in this proceeding, then it shall be entitled to have a reasonable attorney's fee incurred for that foreclosure to be included with the expense of publication, service and recording in making up the sum to be tendered by the Defendant or any person claiming under the Defendant in order to be entitled to redeem the Property.

**WHEREFORE**, the Plaintiff prays that this Court:

A. Determine that there has been a breach of condition in the Mortgage;

B. Determine the amount due on the obligations secured by the Mortgage, including, but not limited to, principal, interest, late charges, reasonable attorney's fees and court costs;

C. Determine the order of priority of such other parties as may appear, together with the amounts due such parties, if any;

D. Issue a judgment of foreclosure and sale in conformity with Title 14, §6322;

E. Grant possession to the Plaintiff upon expiration of the period of redemption; and

F.      Grant the Plaintiff such other and further relief as this Court deems just and proper.

Dated at Portland, Maine this 17th day of January, 2020.

                                                /s/ F. Bruce Sleeper
                                                F. Bruce Sleeper
                                                Attorney for Plaintiff

**Jensen Baird Gardner & Henry**
Ten Free Street
PO Box 4510
Portland, Maine 04112
(207) 775-7271
bsleeper@jbgh.com