**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| HOME INVESTMENT FUND V LP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD DUNNE, )<br>)<br>Defendant. ) | Docket No. 2:20-cv-00017-NT |

**ORDER ON PLAINTIFF'S MOTION ON PAPER RECORD**

Default was entered in this foreclosure case on May 6, 2020. (ECF No. 6.) The Plaintiff subsequently filed a motion seeking default judgment on October 2, 2020 (ECF No. 13). On October 13, 2020, in light of the public health concerns posed by the COVID-19 pandemic, I issued a procedural order authorizing the Plaintiff to proceed by submitting documentary evidence to establish its entitlement to default judgment. Foreclosure Procedural Order Authorizing Plaintiff to Seek a Default Judgment on Documentary Evidence ("**Procedural Order**") (ECF No. 14). That order stated, in part,

> If the Plaintiff desires to proceed with a default judgment on documentary evidence, the Plaintiff must satisfy the following requirements:
>> 1. File, within 30 days of the date of this Order, a motion requesting that the Court proceed with default judgment of the foreclosure count on a paper record and include all affidavits and documentary evidence necessary to establish entitlement to default judgment. . . .

Procedural Order 2. On November 12, 2020, the Plaintiff filed a motion to proceed with default judgment of foreclosure on a paper record (ECF No. 16). However, the

1

Plaintiff attached no affidavits or documentary evidence to its motion.[1] Accordingly, the Plaintiff's motion to proceed on a paper record is **DENIED** with leave to refile with the proper documentation on or before January 6, 2021.[2]

SO ORDERED.

/s/  Nancy Torresen
United States District Judge

Dated this 23rd day of December, 2020.

---

[1] The Plaintiff has attached various affidavits and documents to the original motion for default judgment and in another subsequent entry on the docket. However, the Procedural Order expressly stated that any motion requesting to proceed on a paper record should include all of the necessary documentary evidence.

[2] The Plaintiff states that the property is currently occupied but does not address whether any current federal or state orders issued in response to the COVID-19 pandemic would delay or temporarily bar eviction of the Defendant from the property.