# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **HOME INVESTMENT FUND V, LP**, <br>                   Plaintiff, <br> -v- <br> **RICHARD DUNNE**, <br>                   Defendant. | Docket No. 2:20-cv-00017-NT |

## DEFAULT JUDGMENT OF REFORMATION, FORECLOSURE, AND SALE
### Mortgage Recorded in Androscoggin County Registry of Deeds at Book 7207, Page 148 and Rerecorded at Book 7462, Page 317
### Street Address: 76 Elm Street, Lewiston, Maine

This matter is before this Court upon the Motion for Default Judgment (the "**Motion**") filed by the Plaintiff Home Investment Fund V, LP (the "**Plaintiff**") seeking judgment by default against the Defendant Richard Dunne (the "**Defendant**").

## FINDINGS

Upon consideration of the Motion and other filings in this case, this Court finds as follows:

1. The Plaintiff is represented by F. Bruce Sleeper, Esquire. The Defendant has not appeared, pled, or otherwise defended this action, and an entry of default against the Defendant was made at ECF No. 6 in this case.

2. The Defendant has not taken any action to oppose the granting of the relief sought in the Motion.

3. By virtue of the entry of default, the well pleaded factual allegations of the Complaint for Foreclosure and Sale filed at ECF No. 1 in this case (the "**Complaint**") are established as facts.

4. After consideration of the allegations in the Complaint, and the filings made in this case by the Plaintiff, it is found that:

    a. The Plaintiff is a limited partnership organized and existing under the laws of the State of Delaware and with its principal place of business located at 23041 Avenida De La Carlota, Suite 203, Laguna Hills, California. *See* Complaint at ¶ 1.

    b. The Defendant is the record owner, subject to the Plaintiff's mortgage, of the property located at and about 76 Elm Street in Lewiston, County of Androscoggin in the State of Maine (the "**Property**"). *See* Complaint at ¶ 2; *see also* Statement under Penalties of Perjury of Leslie E. Lowry, Esquire in Support of Motion for Default Judgment and Incorporated Memorandum of Law Filed by Plaintiff at ECF No. 13-2 (the "**Lowry Statement**") at ¶ 3.

    c. The Defendant is a resident of Lewiston, Maine, and resides at the Property. *See* Complaint at ¶ 3.

    d. No general or limited partner of the Plaintiff is a citizen of the State of Maine. *See* Complaint at ¶ 4.

    e. The Defendant is the owner of the Property by virtue of a deed from KLOA, LLC dated July 20, 2007, which deed was recorded in the Androscoggin County Registry of Deeds (the "**Registry**") at Book 7207, Page 146 on July 23, 2007. *See* Complaint at ¶ 8; *see also* Lowry Statement at ¶ 3.

    f. On or about July 20, 2007, the Defendant executed and delivered to EquiFirst Corporation ("**EquiFirst**") a certain Adjustable Rate Note with riders in the original principal amount of $85,000.00. *See* Complaint at ¶ 9; *see also* Statement under Penalties of Perjury of Louisiana in Support of Motion for Default Judgment and Incorporated Memorandum of Law Filed by Plaintiff at ECF No. 13-1 (the "**Coe Statement**") at ¶ 5, Ex. A.

g. On or about March 19, 2009, the Adjustable Rate Note with Adjustable Interest Rate Floor Addendum to Note terms was modified to provide that the first adjustment of the interest rate provided for under that Note would occur on July 20, 2012, rather than August 1, 2009, as originally provided in that Adjustable Rate Note with Adjustable Interest Rate Floor Addendum to Note (as so modified, the Adjustable Rate Note with Adjustable Interest Rate Floor Addendum, the "**Note**"). *See* Complaint at ¶ 10; *see also* Coe Statement at ¶ 6, Ex. B.

h. To secure, among other things, the obligations of the Defendant under the terms of the Note, and all renewals, extensions, modifications, or replacements of the Note, on or about July 20, 2007, the Defendant executed and delivered to EquiFirst a mortgage with a 1-4 Family Rider and an Adjustable Interest Rate Floor Rider to Security Instrument (collectively, the "**Mortgage**"), which Mortgage was recorded in the Registry at Book 7207, Page 148, and was then rerecorded in the Registry at Book 7462, Page 317 to include a rider as part of the Mortgage as recorded. *See* Complaint at ¶ 11; *see also* Lowry Statement at ¶ 4; Coe Statement at ¶ 7, Ex. C.

i. The Plaintiff is, and has certified that it is, the owner and holder of the Note and the owner of the Mortgage. *See* Complaint at ¶¶ 15–16, 22; *see also* Coe Statement at ¶ 10.[1]

---

[1] The Mortgage named Mortgage Electronic Registration Systems, Inc. ("**MERS**") as the mortgagee of record for purposes of recording the Mortgage, acting solely as a nominee for EquiFirst and its successors and assigns. *See* Complaint at ¶ 13; *see also* Lowry Statement at ¶ 4, Ex. B at 1; Coe Statement at ¶ 9, Ex. C at 1. The Mortgage was assigned to SABR Mortgage Loan 2008-1 LLC ("**SABR**") by MERS as evidenced by the Assignment of Mortgage dated July 28, 2014, and recorded in the Registry at Book 8966, Page 201 on August 1, 2014. A true copy of that Assignment of Mortgage is attached as Exhibit E to the Complaint. *See* Complaint at ¶ 17; *see also* Lowry Statement at ¶ 9(a), Ex. D at 1. The Mortgage was also assigned to SABR by EquiFirst as evidenced by the Quitclaim Assignment dated June 3, 2016, recorded in the Registry at Book 9478, Page 53 on October 20, 2016. A true copy of that Quitclaim Assignment is attached as Exhibit F to the Complaint. *See* Complaint at ¶ 18; *see also* Lowry Statement at ¶ 9(b), Ex. D at 2.

The Mortgage was then assigned to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A ("**Wilmington Stanwich**") by SABR as evidenced by the Assignment of Mortgage dated November 10, 2017, recorded in the Registry at Book 9965, Page 106 on November 1, 2018. A true copy of this Assignment of Mortgage is attached as Exhibit G to the Complaint. *See* Complaint at ¶ 19; *see also* Lowry Statement at ¶ 9(c), Ex. D at 3. The Mortgage was assigned to Wilmington Savings Fund Society, FSB, as Trustee for GSLPF Trust Series A 2017 ("**Wilmington GSLPF**") by Wilmington Stanwich as evidenced by the Assignment of Mortgage dated April 6, 2018, recorded in the Registry at Book 9965, Page 107 on November 1, 2018. A true copy of this Assignment of Mortgage is attached as Exhibit H to the Complaint. *See* Complaint at ¶ 20; *see also* Lowry Statement at ¶ 9(d), Ex. D at 4. Finally, the Mortgage was assigned to the Plaintiff by Wilmington GSLPF, as evidenced by the Assignment of Mortgage dated October 29, 2018, recorded in the Registry at Book 9965, Page 109 on November 1, 2018. A true copy of this Assignment of Mortgage is attached as Exhibit I to the Complaint. *See* Complaint at ¶ 21; *see also* Lowry Statement at ¶ 10(e), Ex. D at 6-7.

j.  Exhibit A to the Mortgage includes a description (the "**Mortgage Description**") of the Property. *See* Complaint, Ex. D at 2; *see also* Lowry Statement at Ex. B at 4 and at Ex. A; Coe Statement at ¶ 8, Ex. C at 4 and at Ex. A.

k.  There are multiple errors in the description of the Property as set forth in the Mortgage Description, which errors are the result of mutual mistake or inadvertence. *See* Complaint at ¶¶ 25–26; *see also* Lowry Statement at ¶¶ 5–8, Ex. B at 24. Accordingly, the Mortgage Description does not fully and accurately express the intent of the Defendant and EquiFirst with respect to the description of the Property, and the Mortgage Description errors described in ¶ 25 and ¶ 26 of the Complaint should be corrected. *See* Complaint at ¶ 27.

l.  Defaults exist under the terms of the Note in that, among other things, the Plaintiff has not received the monthly payment due under the terms of that Note on November 1, 2014, and has not received all further payments coming due under the terms of that Note on any later date. *See* Complaint at ¶ 30; *see also* Coe Statement at ¶¶ 21–24, Exs. I and J.

m.  As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage. *See* Complaint at ¶ 31, Ex. D at 3, 14; *see also* Coe Statement, Ex. C at 3, 14–15 at § 22.

n.  The Plaintiff has complied with the requirements of 14 M.R.S.A. § 6111. *See* Complaint at ¶ 32; *see also* Coe Statement at ¶ 22, Ex. J; Statement under Penalties of Perjury of F. Bruce Sleeper, Esquire in Support of Motion for Default Judgment and Incorporated Memorandum of Law Filed by Plaintiff at ECF No. 13-3 (the "**Sleeper Statement**") at ¶ 5, Ex. B; Statement under Penalties of Perjury of Loraine Hite, Esquire in Support of Motion for Default Judgment and Incorporated Memorandum of Law Filed by Plaintiff at ECF No. 21-6 at ¶ 3, Exs. A, B.

o.  As of September 8, 2020, the amount owing on the debt, evidenced by the Note and secured by the Mortgage, consisted of $79,501.45 in principal, $45,066.91 in accrued interest, $1,050.00 in escrow advances, $1,491.93 for forced placed insurance, $5,174.58 for taxes, minus $142.80 for a suspense balance being held by the Plaintiff, for

---

The Note has been endorsed in blank, without recourse, by EquiFirst. *See* Complaint at ¶ 14; *see also* Coe Statement at ¶ 10, Ex. A at 6. The Note has been assigned to the Plaintiff for value and the Plaintiff is the holder of, and has possession of, the Note. *See* Complaint at ¶ 15; *see also* Coe Statement at ¶¶ 10, 15, Ex. H.

a total of $131,142.07^2$ owing on that date, exclusive of attorney's fees and costs. *See* Coe Statement at ¶ 24.

p.  Additional interest is accruing on said principal balance at the Note rate of 6.663 percentage points above the Wall Street Journal Prime Rate adjusted every six months on and after July 20, 2012, with the rate never decreasing to below 9.550% per year. *See* Note at 2. The current rate of interest is 9.550% per year, and interest is now accruing on that principal balance at the rate of $20.74 per day after September 8, 2020. *See* Coe Statement at ¶¶ 17, 24; Note at 2.

q.  The Plaintiff has waived any right it may have to collect from the Defendant any costs and expenses, including reasonable attorney's fees, incurred by the Plaintiff in enforcing the Note and in bringing the current action other than as included in the amounts referenced § 4(o) above.

r.  The Plaintiff has waived any right that it may have under 14 M.R.S.A. § 6324 or otherwise to collect any deficiency which might be owing from the Defendant after applying the proceeds of any foreclosure sale authorized by this Judgment to amounts owing under the terms of the Note and the Mortgage.

5.  The pre-judgment interest rate, pursuant to 14 M.R.S.A. § 1602-B(2) and the terms of the Note, and the post-judgment interest rate, pursuant to 14 M.R.S.A. § 1602-C(1)(A) and the Note, are 9.550% per year, accruing on the principal outstanding under the terms of the Note.

ACCORDINGLY, the Motion is **GRANTED** as follows:

A.  **JUDGMENT** is hereby **GRANTED** and **ENTERED** as follows **on Count I** of the Complaint (Reformation of Mortgage):

The description of the Property set forth in Exhibit A to the Mortgage is hereby reformed to correct the errors described in ¶¶ 25, 26(a), (b),

---

[2] The Court recognizes that the amounts stated in this paragraph add up to $132,142.07. However, the Coe Statement identifies the amount due on the Note and Mortgage as two different numbers in the same paragraph ($131,842.42 and $132,142.07), *see* Coe Statement ¶ 24, and the Plaintiff requested a lower amount—$131,142.07—in its proposed order. When alerted to this discrepancy, the Plaintiff informed the Court that it would accept the lowest of these three amounts, which is thus utilized throughout this Order.

and (d) of the Complaint filed in this case. As so corrected and reformed, that description shall read as set forth in Exhibit A to this Judgment.

B. **JUDGMENT** is hereby **GRANTED** and **ENTERED** as follows **on Count II** of the Complaint (Foreclosure of Mortgage Pursuant to 14 M.R.S.A. §§ 6321-6326) as follows:

1. If the Defendant or the Defendant's heirs, successors, or assigns, within ninety (90) days from the date of this Judgment as calculated under 14 M.R.S.A. § 6322, pay to the order of the Plaintiff the amount owing on the Note and the Mortgage as of September 8, 2020, ($131,142.07), plus interest accruing after September 8, 2020, through the date of such payment at the rate of $20.74 per day, then the Plaintiff shall forthwith discharge the Mortgage and file a dismissal of this action. The following is a breakdown of the amount due and owing as of September 8, 2020:

   | | |
   |---|---|
   | Principal Balance | $79,501.45 |
   | Interest | $45,066.91 |
   | Escrow Advances | $1,050.00 |
   | Forced Placed Insurance | $1,491.93 |
   | Taxes | $5,174.58 |
   | Suspense Account Balance | ($142.80) |
   | TOTAL | $131,142.07 |

2. If the Defendant or the Defendant's heirs, successors, or assigns, do not pay the sum of $131,142.07, plus interest accruing at the rate of $20.74 per day from September 8, 2020, through the date of payment, to the order of the Plaintiff by the end of that ninety (90) day period, then:

   a. Any remaining rights of the Defendant or the Defendant's heirs, successors, or assigns to possession of the Property shall terminate, the Plaintiff shall, as against the Defendant and the Defendant's heirs, successors, and assigns, have the right to exclusive possession of the Property, and the Clerk shall, upon request of the Plaintiff, issue an appropriate writ to Plaintiff for possession of the Property as against the Defendant's heirs, successors, and assigns;

   b. The Plaintiff shall sell the Property pursuant to 14 M.R.S.A. § 6321 et seq. and disburse the proceeds of said sale, after

deducting the expenses thereof, in the following amounts and priorities:

    i. First, to the Plaintiff, by virtue of the Mortgage in the amount of $131,142.07, plus interest accruing at the rate of $20.74 per day from September 8, 2020, through the date of such disbursement;

    ii. Second, there being no parties-in interest other than the Defendant, the remainder shall be paid to the Defendant, or if such payment to the Defendant cannot be made because the Plaintiff cannot locate that Defendant to make such payment, or for any other reason, to the Clerk of this Court, who shall hold the surplus in escrow for the benefit of the Defendant.

C. The following information is included in this Judgment pursuant to 14 M.R.S.A § 2401, to the extent that the same may be applicable:

    1. The names and addresses of the parties and counsel of record are as follows:

| Party: | Counsel: |
|---|---|
| Home Investment Fund V, LP<br>23041 Avenida De La Carlota, Suite 203<br>Laguna Hills, CA  92653 | F. Bruce Sleeper, Esquire<br>Jensen Baird Gardner & Henry<br>Ten Free Street<br>P.O. Box 4510<br>Portland, ME  04112 |
| Richard Dunne<br>51 Cross Street<br>Auburn, ME  04210<br><br>OR<br><br>Richard Dunne<br>76 Elm Street<br>Lewiston, ME  04240 | None of record |

2. The docket number of this case is 2:20-cv-00017-NT.

3. Service of the documents required by Fed. R. Civ. P. 4(c) was made in hand upon the Defendant and the Defendant has received notice of this action in accordance with the Federal Rules of Civil Procedure as shown by the Affidavit of Service filed at ECF No. 4 in this case.

4. The property upon which the Bank seeks to foreclose in this case (the "**Property**") is, as reformed by this Judgment, adequately described in Exhibit A to this Judgment.

5. The street address of the Property is 76 Elm Street, Lewiston, ME 04240.

6. The book and page number of the Mortgage in the Androscoggin County Registry of Deeds is Book 7207, Page 148 and, as rerecorded, Book 7462, Page 317.

D. By reason of the Plaintiff's waiver, notwithstanding the provisions of 14 M.R.S.A. § 6324, no deficiency shall be assessed against the Defendant, no execution shall be issued for any such deficiency claim, and the Defendant shall not be personally liable for any such deficiency.

E. Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk shall sign the below certificate certifying that the appeal period has expired without action or that a final judgment has been entered after remand after appeal if the Plaintiff requests the same after the appeal period has expired without any action or such a final judgment has been entered after appeal.

SO ORDERED.

/s/ Nancy Torresen  
United States District Judge

Dated this 25th day of June, 2021.

## CERTIFICATE OF CLERK PURSUANT 14 M.R.S.A. § 2401(3)(F)

The above Judgment in Docket No. 2:20-cv-00017-NT was entered on the docket on _____, 2021.

     I hereby certify that:

\_\_\_\_    The applicable appeal period has expired without action, or

\_\_\_\_    The final judgment has been entered after remand following appeal.

Dated:_____           _____
                                                    Clerk